UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMIAH HOSKINS ]
    Plaintiff, ]
] No. 3 10 0326
v. ] (No. 3:10-mc-0025)
] JUDGE HAYNES
SHELBY COUNTY JUSTICE CENTER, ]
et al. ]
    Defendants. ]

## ORDER

The Court has before it a *pro se* prisoner civil rights complaint (Docket Entry No. 1) and an application to proceed *in forma pauperis* (Docket Entry No. 5).

Plaintiff is an inmate at the Shelby County Justice Center in Memphis, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay for the filing of his complaint. Therefore, the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

    (b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff brings this action against the Shelby County Justice Center; Mark Luttrell, Sheriff of Shelby County; and four members of the staff at the Shelby County Justice Center; complaining about conditions of his confinement.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the defendants reside in or around Shelby County. Plaintiff's claims arose at the jail in Shelby County. Since Shelby County lies within the Western District of Tennessee, 28 U.S.C. § 123(c)(2), venue for this action properly belongs in that judicial district.

Accordingly, the Clerk is directed to **TRANSFER** this case to the Western District of Tennessee, Western Division at Memphis, Tennessee. 28 U.S.C. § 1406(a). The Clerk is further instructed to send a copy of this order to the Sheriff of Shelby County to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act

relating to the payment of the filing fee.

It is so **ORDERED**.

**ENTERED** this the 30th day of March, 2010.

                                                  WILLIAM J. HAYNES, JR.
                                                  United States District Judge